Investor Loan # ▮▮▮▮▮

When Recorded Return To:
Green Tree Servicing LLC
7360 South Kyrene Road
Tempe, AZ 85283

This document was prepared by Green Tree Servicing LLC

_____ [SPACE ABOVE THIS LINE FOR RECORDING DATA] _____

▮▮▮▮▮  **LOAN MODIFICATION AGREEMENT** from a Mortgage AP

**THIS INFORMATIONAL NOTICE IS NOT AN ATTEMPT TO COLLECT A DEBT. IF YOU ARE CURRENTLY IN BANKRUPTCY OR YOUR ACCOUNT WAS DISCHARGED IN BANKRUPTCY WITHOUT A REAFFIRMATION, THE SERVICER IS NOT ATTEMPTING TO COLLECT OR RECOVER THE DEBT AS YOUR PERSONAL LIABILITY.**

This Loan Modification Agreement ("Agreement"), made this 21st day October, 2013, between DAMON HARRIS ("Borrower") and Green Tree Servicing LLC ("Lender"), amends and supplements 1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated 03/27/2006 Recorded 04/04/2006 Instrument No. 06 0719911 of the recorders office Records of Los Angeles County and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

711 SOUTH POINSETTIA AVE COMPTON, CA 90221 See Exhibit "A" attached hereto and made a part hereof

the real property described in the above-referenced Security Instrument.  **ORIGINAL**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of 11/01/2013, the amount payable under the Note and the Security Instrument (the "New Principal Balance") is U.S. $394,530.05 consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. $110,480.05 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and Borrower will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $284,050.00. Interest will be charged on the Interest Bearing Principal Balance at the yearly rate of 4.00000%, from 11/01/2013. Borrower promises to make monthly payments of principal and interest of U.S. $1,187.15, beginning on the 12/01/2013, and continuing thereafter on the same day of each succeeding month until the Interest Bearing Principal Balance and all accrued interest thereon have been paid in full. The yearly rate of 4.00000% will remain in effect until the Interest Bearing Principal Balance and all accrued interest thereon have been paid in full. The new monthly payment amount does not include any amounts owed for escrow. Borrower may refer to the monthly billing statement for the escrow amount owed. The new Maturity Date will be 11/01/2053. Borrower's payment schedule for the modified Loan is as follows:




| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|
| 1-40 | 4.000% | 11/01/2013 | $1,187.15 | 12/01/2013 | 480 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

3. Borrower agrees to pay in full the Deferred Principal Balance and any other amounts still owed under the Note and Security Instrument by the earliest of: (i) the date Borrower sells or transfers an interest in the Property, (ii) the date Borrower pays the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date.

4. If Borrower makes a partial prepayment of Principal, Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

5. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

Borrower understands and agrees that:

(a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

LOAN MODIFICATION AGREEMENT -Single Family- Fannie Mae UNIFORM INSTRUMENT         Form 3179  1/01(rev. 01/09)


Ex 1

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

6. Intentionally Deleted.

7. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

(a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

(b) all terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

8. Borrower understands and agrees that:

(a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Borrower agrees to execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Plan if an error is detected after execution of this Agreement. I understand that a corrected Agreement will be provided to me and this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrected Agreement, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification.



Ex 1

In Witness Whereof, the Lender and I have executed this Agreement.

Green Tree Servicing LLC
Lender

_____ (Seal)
Damon Harris

Susanne F. Roman
By: Licensed Loss Mitigation Specialist

Date  11/14/15

Date  NOV 2 0 2013

Account#: ▬▬▬▬▬

_____ [SPACE BELOW THIS LINE FOR ACKNOWLEDGEMENT] _____

LOAN MODIFICATION AGREEMENT -Single Family-Fannie Mae UNIFORM INSTRUMENT              Form 3179  1/01(rev. 01/09)

Ex 1

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of Los Angeles

On 11/14/13 before me, Juanita Villasenor, Notary Public
<small>Insert name and title of officer here</small>

personally appeared Damon Harris

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signatures(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

JUANITA VILLASENOR
Commission No. 1949492
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires AUGUST 25, 2015

_____
Signature of Notary Public                (Notary Seal)

---

**INFORMATION BELOW IS RECOMMENDED BUT NOT REQUIRED**

TITLE/DESCRIPTION OF THE ATTACHED DOCUMENT

_____

DOCUMENT DATE _____    NUMBER OF PAGES _____

_____
Additional Information

---

**CAPACITY CLAIMED BY SIGNER**

☐ Individual(s)      ☐ Partner(s)      ☐ Attorney-in-Fact      ☐ Trustee(s)

☐ Corporate Officer _____      ☐ Other _____

2008 CA    www.NotaryAdvocate.com    V13.01.08


Ex 1

Exhibit "A"

The following described property located in the County of Los Angeles:

LOT 71, OF TRACT NO. 6875, IN THE CITY OF COMPTON, COUNTY OF LOS
ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 89,
PAGES 51 AND 52 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF
SAID COUNTY
A.P.N.: 6179-023-003

Ex 1

STATE OF Arizona

County of Maricopa

The foregoing instrument was acknowledged before me on this day of **NOV 20 2013**, by <u>Susanne F. Roman</u> of Green Tree Servicing LLC a corporation, on behalf of the corporation.

_____
Notary Public



BRIAN A. ABBEE
Notary Public - State of Arizona
MARICOPA COUNTY
My Commission Expires Oct. 15, 2016

Ex 1

STATE OF Arizona

County of Maricopa

The foregoing instrument was acknowledged before me on this day of _____ NOV 2 0 2013 _____,
by <u>Susanne F. Roman</u> of Green Tree Servicing LLC a corporation, on behalf of the corporation.

_____

Notary Public



BRIAN A. ABBEE
Notary Public - State of Arizona
MARICOPA COUNTY
My Commission Expires Oct. 15, 2016

Ex1